**RIKER DANZIG LLP**
Tracey K. Wishert (Attorney ID: 041962004)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Defendant,
Harleysville Insurance Company of New Jersey

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 80 MAPLE AVE LLC, | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | |
| HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY, | **NOTICE OF REMOVAL** |
| Defendant. | **Removed from the Superior Court of the State of New Jersey, County of Essex** |

To:     Clerk of the Court
        United States District Court, District of New Jersey
        Martin Luther King Building & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07102

**PLEASE TAKE NOTICE** that Defendant Harleysville Insurance Company of New Jersey ("Defendant" or "Harleysville") hereby removes the above-captioned civil action and all claims and causes of action therein from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of any and all of its rights, defenses, and objections. Harleysville further states as follows in support of its petition to remove:

## PROCEDURAL HISTORY

1.      Pursuant to Rule 10.1(a) of the Local Rules, the addresses of the named parties are as follows: upon information and belief, Plaintiff 80 Maple Ave LLC ("Plaintiff") is located at 88 Eyland Avenue, Succasunna, New Jersey 07876, and is represented by Merlin Law Group, PLLC, 125 Half Mile Road, Suite 110, Red Bank, New Jersey 07701.  Harleysville has its principal place of business at One West Nationwide Blvd, Columbus, OH 43215-2220.

2.      On January 20, 2025, Plaintiff commenced an action against Harleysville in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. ESX-L-002117-25, and captioned: 80 Maple Ave LLC v. Harleysville Insurance Company of New Jersey. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached as **Exhibit A**.

3.      According to the Complaint, Plaintiff is a domestic limited liability corporation registered in the State of New Jersey, and the owner of the property located at 80 Maple Avenue, West Orange, New Jersey 07052 (the "Premises").  See Exhibit A, ¶ 4.

4.      Harleysville issued insurance policy number 51 29 HR 006041 ("Policy") to Ji Rhew, Plaintiff's assignor, for the period of October 4, 2023 to October 4, 2024.  See Exhibit A, at Exhibit A (the Policy annexed to the Complaint).  Since 2017, Mr. Rhew has been a resident of Illinois.

5.      Plaintiff alleges that on or about September 11, 2024, the Premises was damaged as a result of fire (the "Loss").  See Exhibit A, ¶ 15.

6.      The Complaint asserts that Harleysville breached its obligations under the Policy, including the implied covenant of good faith and fair dealing, by declining to fully indemnify

Mr. Rhew under the Policy for the damages allegedly sustained as a result of the Loss. (See Exhibit A, ¶¶ 16-29, 30-45).

7.      As alleged in the Complaint (See Exhibit A, ¶ 20), Mr. Rhew assigned any and all rights under the Policy to Plaintiff by agreement dated January 14, 2025.

8.      Plaintiff served Harleysville with the Summons and Complaint via the New Jersey Department of Banking and Insurance on or about March 19, 2025, which was received by Harleysville on March 20, 2025. A copy of the Notice of Service of Process is attached as **Exhibit B**.

## **GROUNDS FOR REMOVAL**

9.      This action is removable because the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### **A.  There is Complete Diversity of Citizenship between the Parties**

10.     28 U.S.C. § 1332(a)(1) requires that an action founded on diversity jurisdiction be between citizens of different states.

11.     Plaintiff is a limited liability company whose citizenship is determined by the citizenship of any of its respective members. On information and belief, based on research conducted by Harleysville, the sole members of Plaintiff are Christian Licciardi of Succasunna, New Jersey, and Jonathan Licciardi of Lebanon, New Jersey.  A copy of December 26, 2024 Certificate of Formation of 80 Maple Ave LLC reflecting its membership and the member's addresses is attached as **Exhibit C**.

12.     Harleysville is an Ohio corporation with its principal place of business in Ohio.

13.     There are no other parties to this matter.

14. Thus, there is complete diversity of citizenship between Plaintiff and Harleysville, which satisfies 28 U.S.C. § 1332(a)(1).

**B.  The Amount-In-Controversy Requirement is Satisfied**

15. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs."

16. In the Complaint, Plaintiff seeks unspecified monetary damages. On or about September 18, 2024, during the pre-suit phase of this matter, following an inspection of the Loss, Plaintiff's member Christian Licciardi communicated to Harleysville his estimate that the damages for the Loss would be between $700,000 and $800,000.  A copy of the September 18, 2024 email from Mr. Licciardi is attached as **Exhibit D**.

17. Based on the foregoing, the requirement of 28 U.S.C. § 1332(a) is satisfied because the potential damages at issue in this matter exceed the jurisdictional amount of $75,000.

### HARLEYSVILLE SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1441 *et seq*

18. Because this Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, the action is removable pursuant to 28 U.S.C. § 1441.

19. Removal to the District of New Jersey is proper pursuant to 28 U.S.C. § 1441(a) because this Court embraces the county in which the Complaint is now pending, Essex County.

20. Removal is also proper because Harleysville is not a citizen of New Jersey, and thus removal does not violate 28 U.S.C. § 1441(b), which precludes removal by a defendant of the forum state.

21. Removal is timely pursuant to 28 U.S.C. § 1446(b)(2)(B), in that this Notice of Removal is being filed within 30 days of Harleysville's receipt of the Complaint on March 20, 2025.

22.     No previous Notice of Removal has been filed or application made to this Court for the relief sought herein.

23.     Harleysville will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and will also file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Essex County, pursuant to 28 U.S.C. § 1446(d).

24.     Other than the Summons and Complaint, which is annexed hereto as Exhibit A, Harleysville has not received any other process, pleadings, or orders in the action pending in New Jersey Superior Court.

<u>**NON-WAIVER OF DEFENSES**</u>

25.     By removing this action from the Superior Court of New Jersey, Essex County, Harleysville does not waive any defenses available to it.

26.     By removing this action from the Superior Court of New Jersey, Essex County, Harleysville does not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendant Harleysville removes this matter from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

RIKER DANZIG LLP
Attorneys for Defendant,
Harleysville Insurance Company
of New Jersey


By:    _/s/  Tracey K. Wishert_____
        Tracey K. Wishert


Dated: April 18, 2025